UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Antonia Graves, | ) | C/A No. 4:14-650-PMD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Dillon County Board of Education, Jackie Hayes, Richard Schaffer, and D. Ray Rogers, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Antonia Graves ("Plaintiff" or "Graves") filed her Complaint on March 3, 2014, against Defendant Dillon County Board of Education (the "Board") and the following individuals: Representative Jackie Hayes ("Hayes"); Chairman of the Board Richard Schaffer ("Schaffer"); and Superintendent of Dillon County School District Four Ray Rogers ("Rogers") (Hayes, Schaffer, and Rogers referred to collectively herein as the "Individual Defendants"). Compl., ECF No. 1. A former member of the Board, Plaintiff files this suit against the Individual Defendants, alleging unlawful violation of her civil rights under 42 U.S.C. §§ 1983 and 1985. Plaintiff's Complaint also includes causes of action against the Board for retaliation, race discrimination, and gender discrimination in violation of Title VII of the 1991 Civil Rights Act, as amended; however, in responding to Defendants' dispositive motion, Plaintiff "stipulates to the dismissal of her race and gender discrimination and retaliation claims on the basis that she cannot jurisdictionally bring a Title VII action against the Defendant Board in accord with 42

U.S.C. 2000e(f)." Pl.'s Mem. 14, ECF No. 8.[1] This matter is before the court on Defendants' Motion to Dismiss filed on June 6, 2014. ECF No. 5. Plaintiff filed a response in opposition to the Motion, ECF No. 8, to which Defendants replied on June 30, 2014, ECF No. 9. Having considered the parties' briefs, the undersigned submits this Report and Recommendation ("Report") recommending Defendants' Motion to Dismiss, ECF No. 5, be *granted* as discussed more fully within.[2]

I.      Background

Plaintiff, an African-American female, served as a member of the Board from May 2005 until September 24, 2012. Compl. ¶¶ 1, 11.[3] Plaintiff avers that she "noticed rampant and pervasive racial discrimination being carried out" by school districts overseen by the Board. *Id.* ¶ 12 & n.1. She made her concerns known to the Board and its members "on numerous occasions," and avers "white Board members, personally and through their agents, often threatened Plaintiff's job on the Board and told her she better 'get along' with the plans that those Members had in place for the School Districts or she would suffer consequences." *Id.* ¶¶ 13-14. In September 2012, Plaintiff was notified by letter that she was no longer to serve on the Board "due to 'a change in direction.'" *Id.* ¶ 15. She states she was "later informed that her term expired, however, white male Board Members whose terms had likewise long expired were not terminated and continued to serve on the Defendant Board." *Id.*

---

[1] With the stipulated dismissal of the Title VII claims, Plaintiff's remaining claims are raised against the Individual Defendants only.

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the Motion to Dismiss is dispositive, this Report is entered for the district judge's consideration.

[3] In her Complaint, Plaintiff avers she was employed by the Board. However, in responding to the portion of Defendants' Motion concerning her Title VII claims, Plaintiff concedes she is not covered as an "employee" for Title VII purposes because she "bore a policy making appointment." Pl.'s Mem. 14.

II.     Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. *Id.* The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation

3

omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). At bottom, the court is mindful that a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Coleman v. Md. Ct. of Apps.,* 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

III.    Analysis

In responding to Defendants' Motion to Dismiss, Plaintiff has conceded that Defendant Hayes has legislative immunity from the claim that he violated 42 U.S.C. § 1983 and that all claims against the Board (the Title VII claims found in the Complaint's Third, Fourth, and Fifth Causes of Action) should be dismissed because Plaintiff is not a covered employee under Title VII. Pl.'s Mem. 3 n.1, 13-14. As winnowed by Defendants in their Reply, the remaining issues to be decided are:

(1) Whether Plaintiff's First Cause of Action for violation of 42 U.S.C. § 1983 by the Individual Defendants states a claim for which relief may be granted;[4]

(2) Whether Plaintiff's Second Cause of Action for violation of 42 U.S.C. § 1985 by the Individual Defendants states a claim under which relief may be granted; and

---

[4] The Individual Defendants initially argued they were immune from Plaintiff's § 1983 cause of action brought against them in their official capacities because such claims were duplicative of the Title VII claims brought against the Board. *See* Defs.' Mem. 15-17. Although Defendants' Reply initially listed this as an issue that continued to need resolution, *see* Defs.' Reply 1, later in the Reply they no longer assert immunity in their official capacities based on Plaintiff's withdrawal of her Title VII claims, *see id.* 8. Accordingly, the court need not consider this argument further.

(3) Whether Defendant Hayes has legislative immunity from the claim that he engaged in a conspiracy with the other Individual Defendants to deprive Plaintiff of her constitutional rights, in violation of § 1985.

*See* Def.'s Reply 1-2. The court considers these in turn.

    A.    Plaintiff's § 1983 Claims

As an initial matter, the undersigned is unpersuaded by Defendants' argument that Plaintiff's §§ 1983 and 1985 claims fail as a matter of law because she cannot establish she was "employed" by the Board. *See* Defs.' Reply 2-3, Defs.' Mem. 6-10. Rather, the court agrees with Plaintiff that Defendants have provided no authority that an employer/employee relationship is a required element of a § 1983 claim.

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Section 1983 provides in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

Nothing in the statute or interpretive case law requires an individual to demonstrate he or she is employed by the defendant sued under § 1983. Granted, Plaintiff's Complaint—which was drafted to include Title VII employment-discrimination and retaliation claims—includes language claiming Plaintiff is "employed" by the Board. *E.g.* Compl. ¶¶ 1, 11, 12. However, Plaintiff's First Cause of Action includes allegations independent of her claimed employee status. For example, she avers that, in treating Plaintiff disparately, the Individual Defendants "acted in an unlawful and discriminatory manner toward the Plaintiff in violation of the Civil Rights Acts of 1871 [which include 42 U.S.C. § 1983]." Compl. ¶ 17. Plaintiff describes discriminatory acts of the Individual Defendants, which include the "termination of Plaintiff's tenure on the Defendant Board," "malicious interference with [her] community dealings (including her presidency of the local NAACP chapter)," and her "employment with CareSouth Carolina, Inc.[.]" Compl. ¶ 19. Plaintiff alleges these acts by the Board discriminated against Plaintiff "on the basis of her race with regard to the terms and conditions of her *service* on the Defendant Board and her public and private dealings." *Id.* ¶ 21 (emphasis added).

Plaintiff's allegations in her § 1983 claim are not inextricably tied to her being an "employee" of the Defendant Board. This portion of Defendants' Motion to Dismiss is without merit and should be denied.[5] This does not end the analysis of the § 1983 cause of action, however.

Defendants also argue Plaintiff's § 1983 cause of action should be dismissed because it fails to state a facially plausible claim upon which relief could be granted. Specifically, Defendants submit Plaintiff's Complaint "fails to identify any federal right that the Individual

---

[5] The undersigned notes that Plaintiff's claimed damages in the § 1983 cause of action include elements typically sought in employment cases, such as front pay, back pay, and loss of benefits. *See* Compl. ¶ 22. The inclusion of such elements in pleading is not necessarily fatal to the § 1983 claim.

Defendants violated," that could be remedied through 42 U.S.C. § 1983, making her Complaint fall short of Rule 8(a) pleading standards. Defs.' Mem. 10.[6]

In response, Plaintiff argues that the Complaint "highlights several federal rights alleged to be deprived." Pl.'s Mem. 4. Plaintiff argues that a "clear reading" of her Complaint highlights the following federal rights allegedly violated by the Individual Defendants:

- her rights to equal protection under the Fourteenth Amendment were violated because the Individual Defendants "perpetuated a course of disparate treatment and action toward the Plaintiff on the basis of her race;"

- her rights under the federal Contract Clause, U.S. Const. Art. I, § 10, cl.1, were violated because the Individual Defendants "interfered with her community and business dealings including her employment inside and outside the Board;" and

- her free speech rights guaranteed by the First Amendment, because Defendants' "actions were motivated by her speech on issues of public concern."

Pl.'s Mem. 4.

The undersigned agrees with Defendants' reply argument that Plaintiff's Complaint does not expressly mention these federal rights in the Complaint. Nonetheless, construing the pleading liberally in Plaintiff's favor, as it must, the undersigned is of the opinion that Plaintiff arguably sets out minimally sufficient claims to implicate the equal protection clause of the Fourteenth Amendment and the right to free speech contained in the First Amendment. *See, e.g.,* Compl. ¶ 18 (claiming deprivation of rights and "unlawful discrimination on the basis of her race"); Compl. ¶ 21 (complaining of Board's policy that discriminated "against Plaintiff on the basis of her race"); Compl. ¶¶ 12-14 (averring Plaintiff raised concerns about "rampant and pervasive racial discrimination" to Board and its members, but was told she "better 'get along'" or "she would suffer consequences").

---

[6] Defendants also argue dismissal is appropriate because the Complaint does not permit them to determine whether qualified immunity will apply to their actions. Defs.' Reply 9.

However, the undersigned agrees with Defendants that the Complaint does not adequately flesh out facts sufficient to satisfy the pleading demands of Federal Rule of Civil Procedure 8, as more specifically imagined in *Iqbal*, 556 U.S. at 677. The United States Supreme Court explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Id.* at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quotation marks omitted). Plaintiff's averments, such as her claims that she "noticed rampant and pervasive racial discrimination," Compl. ¶ 12, and that Defendants acted "in an unlawful and discriminatory manner," *id.* ¶ 17, do little more than what *Iqbal* suggests is insufficient under Rule 8. The Complaint does not flesh out specific incidents or precise acts or conduct of Defendants. Similarly lacking are Plaintiff's brief allegations that the "actions complained of" relate to a "policy of the Defendant Board," which was "carried out by the Individual Defendants in their official capacities as delegate, member, and agent to the Defendant Board." *See* Compl. ¶ 8. Without more detail regarding the "policy" and how Defendants' involvement with such policy permits a plausible claim, Plaintiff's pleadings do not pass muster. Although Rule 8 does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

The undersigned agrees with Defendants that, to the extent Plaintiff's Complaint is construed as alleging Defendants violated her rights under the Contract Clause of the United States Constitution, (*see* Pl.'s Mem. 4 (citing U.S. Const. art. I, § 10(1)), that portion of her Complaint should be dismissed as a matter of law, *see* Defs.' Reply 5. The Contract Clause "prohibits only significant legislative alterations of existing obligations," and applies to acts of state legislatures. *See Prudential Py. and Cas. Co. v. Ins. Comm. S.C. Dep't Ins.*, 534 F. Supp.

571, 581 (D.S.C. 1982). Plaintiff cannot allege a plausible claim that Defendants violated the Contract Clause because it is inapplicable here. As nothing Plaintiff could add in an amended pleading would permit her to raise an actionable claim against these Defendants under the Contract Clause, it is recommended that portion of her Complaint (to the extent it can be said to exist) be dismissed with prejudice. Any amendment to her pleading that may be allowed should not include a claim brought under the Contract Clause. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.") (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original)).

For the foregoing reasons, the undersigned recommends the portion of Defendants' Motion to Dismiss regarding Plaintiff's § 1983 cause of action be *granted*. Based on prevailing Fourth Circuit precedent, the undersigned recommends that the dismissal of Plaintiff's § 1983 claims be without prejudice with leave to file an amended complaint as to the purported violation of her First and Fourteenth Amendment rights within 15 days of the district court's order on the motions. *See Ostrenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) (recognizing that rather than dismiss a defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in his pleading[,] . . . even though the court doubts that plaintiff will be able to overcome the defects"). If the district judge accepts this recommendation and Plaintiff fails to file an amended complaint within 15 days of the district court's order on the Motion to Dismiss, the undersigned recommends dismissing this action in its entirety with prejudice.

B.     Plaintiff's § 1985 Claims as to Defendants Schaffer and Rogers

Defendants also seek dismissal of Plaintiff's 42 U.S.C. § 1985 cause of action, arguing Plaintiff has not pleaded sufficiently specific facts in support of the specific elements required to

establish a § 1985 claim. Further, Defendants argue they are entitled to dismissal based on the legal doctrine that a corporation (here, the District) cannot conspire with its agents and employees (the Individual Defendants). Defs.' Mem. 12-14. Plaintiff responds by arguing that she has set forth facts sufficient to establish a plausible claim for relief pursuant to § 1985 and that Defendants' legal argument fails because Defendants are not a part of the same legal entity and the Individual Defendants have acted in their individual capacities to cause Plaintiff harm. Pl.'s Mem. 8-10.

To establish a claim pursuant to 42 U.S.C. § 1985(3), a plaintiff must prove these elements:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). Plaintiff is required to show "'an agreement or a meeting of the minds by [the] defendants to violate [the] plaintiff's constitutional rights.'" 665 F.3d at 346 (quoting *Simmons*, 47 F.3d at 1377). Further, when a plaintiff alleges a conspiracy, she must plead facts amounting to more than "parallel conduct and a bare assertion of conspiracy . . . . Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556-57 (reasoning that allegations of parallel conduct were insufficient to state a claim for a conspiracy under a different statute: the Sherman Act). As the Fourth Circuit Court of Appeals has noted, when pleading a conspiracy claim, the "factual allegations must

plausibly suggest agreement, rather than being merely consistent with agreement." *A Society Without a Name*, 655 F.3d at 346 (citing *Twombly*, 550 U.S. at 557).

In defense of her pleadings, Plaintiff argues that the background facts pleaded and the following allegations of the § 1985 cause of action combine to provide a sufficient pleading:

> 24.    The Individual Defendants, acting in their individual capacities outside the course and scope of their respective employment in and involvement with the Defendant Board, combined to discriminate against Plaintiff on the basis of her race in violation of 42 U.S.C. § 1985.
>
> 25. The Individual Defendants did so because of the Plaintiff's race and out of their own self-interests to protect themselves from due criticism from the Plaintiff, who publically opposed fiscal irresponsibility within the Defendant Board's subordinate districts, corruption and mishandling of funds, within the same, resulting in diminished educational opportunities to the majority black and under-privileged within those districts, lack of accountability to the voting public, and blatant disparate treatment toward black employees of those districts.
>
> 26. Said conduct, for which the Defendants are liable, proximately caused Plaintiff damages for which they are liable, including but not limited to; back pay, front pay, loss of pay and benefits from her employment with CareSouth Carolina, loss of benefits, prospective benefits, embarrassment, humiliation, pain and suffering and mental anguish, as well as the reasonable attorney's fees and costs associated with this action.

Compl. ¶¶ 24-26; *see* Pl.'s Mem. 8-9.

Here, the undersigned agrees with Defendants that Plaintiff's current pleadings do not plead sufficient facts to establish the elements. Nowhere does Plaintiff plead facts to support a meeting of the minds or how Defendants allegedly conspired. Much like the pleading found deficient in *A Society Without a Name*, Plaintiff's Complaint does not specifically allege "'the persons who agreed to the alleged conspiracy, the specific communications used amongst the conspirators, or the manner in which any such communications were made.'" 655 F.3d at 347 (quoting lower court's opinion). Similarly, Plaintiff has not set forth facts that are sufficiently concrete to describe any overt acts taken by Defendants in furtherance of the conspiracy.

11

Defendants alternatively argue the § 1985 cause of action is deficient as a matter of law based on the theory that the Individual Defendants were officials or agents of the Board and, as such, could not conspire together. Defs.' Mem. 13-14 (citing cases from Fifth and Sixth Circuits). In response, Plaintiff argues she has sufficiently pleaded the Individual Defendants were acting as individuals in their conspiracy to harm Plaintiff to survive dismissal pursuant to this so-called intracorporate-immunity doctrine. Pl.'s Mem. 9. The Fourth Circuit has recognized this doctrine in the § 1985 context, noting an exception exists when the corporate officials undertook unauthorized acts. *Buschi v. Kirven*, 775 F.2d 1240, 1252-53 (4th Cir. 1985). Here, Plaintiff's current pleading does not provide sufficiently detailed facts to demonstrate the Individual Defendants undertook actions that were not authorized by the Board. The mere statements in paragraph 24 that they were acting in their individual capacities and in paragraph 25 that they acted out of their own self-interest do not pass muster to survive Defendants' motion-to-dismiss challenge.[7]

As currently pleaded, Plaintiff's § 1985 cause of action should not survive the Motion to Dismiss. For the foregoing reasons, the undersigned recommends the portion of Defendants' Motion to Dismiss regarding Plaintiff's § 1985 cause of action be *granted*. Based on prevailing Fourth Circuit precedent, the undersigned recommends that the dismissal of Plaintiff's § 1985 claims be without prejudice with leave to file an amended complaint as to the purported violation of her First and Fourteenth Amendment rights within 15 days of the district court's order on the motions. *See Ostrenski*, 177 F.3d at 252-53 (recognizing that rather than dismiss a defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in

---

[7] This recommended ruling should not be read to indicate there would be no possible set of facts that could be pleaded that plausibly could establish liability under the exception to the intracorporate-immunity doctrine.

12

his pleading[,] . . . even though the court doubts that plaintiff will be able to overcome the defects"). If the district judge accepts this recommendation and Plaintiff fails to file an amended complaint within 15 days of the district court's order on the Motion to Dismiss, the undersigned recommends dismissing this action in its entirety with prejudice.[8]

  C. Plaintiff's § 1985 Claim as to Defendant Hayes

Finally, Defendant Hayes, a state legislator who was a member of the legislative delegation statutorily responsible for recommending appointees for the Board to the Governor, argues he is entitled to legislative immunity as to Plaintiff's §§ 1983 and 1985 claims. Plaintiff concedes Hayes is entitled to immunity for the "§ 1983 official capacity action." Pl.'s Mem. 12. However, Plaintiff differentiates the § 1985 claim, arguing Hayes is not entitled to immunity for his actions taken in his individual capacity. *Id.* at 13. Plaintiff characterizes the § 1985 claim against Hayes as one "brought against him in his individual capacity, outside of his legislative functions." *Id.* (citing Compl. ¶ 24); *see* Compl. ¶ 24 (alleging the "Individual Defendants, acting in their individual capacities outside the course and scope of their respective employment in and involvement with the Defendant Board, combined to discriminate against Plaintiff on the basis of her race in violation of 42 U.S.C. § 1985[.]").

Defendant Hayes argues that he is entitled to absolute legislative immunity because all acts complained of in Plaintiff's Complaint related to his traditional duties as a legislator. Defs.' Reply 12-13. "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.' . . . Whether an activity is legislative turns on the nature of the

---

[8] Defendants also alternatively argue Plaintiff could not succeed on her § 1985 claim because she had no legal right to continue to serve as a member of the Board. Plaintiff's allegedly violated constitutional rights are set out above and consist of more than a claim she had a constitutional right to continue as a Board member. Accordingly, this challenge to Plaintiff's § 1985 cause of action is without merit.

act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). Thus, the Supreme Court held that even when an official devised and participated in enacting legislation that specifically targeted a person for his speech, the official was immune from liability because his actions were legislative and within "a field where legislators traditionally have power to act." *Id.* at 55-56.

Here, the law of South Carolina commits to the legislative delegation of Dillon County the responsibility of recommending persons for gubernatorial appointment to the Board. The law thus places this responsibility uniquely within the sphere of legitimate legislative activity. Defendant Hayes was a member of the legislative delegation of Dillon County when it recommended that the Governor appoint another person to Plaintiff's seat on the Board. That action and any other actions Defendant Hayes took in connection with Plaintiff's replacement on the Board were within the legitimate sphere of his traditional duties and responsibilities as a legislator. The range of legislative immunity is broad and attaches to all actions by Defendant Hayes in fulfilling his responsibilities as a member of the Dillon County legislative delegation. The undersigned is of the opinion that Defendant Hayes is not subject to liability in either the First or the Second Cause of Action because of legislative immunity. Further, Plaintiff's argument that immunity does not apply because the § 1985 claim is brought against Defendant Hayes in his individual capacity is unavailing. Indeed, legislative immunity only extends to defendants sued in their individual capacities. *See Kobe v. Haley*, CA 3:11-1146-TMC, 2013 WL 4056335, at *4 (D.S.C. Aug. 12, 2013) (citing *Doe v. Pittsylvania Cnty., Va.,* 842 F. Supp. 2d 906, 916 (W.D. Va. 2012)).

IV.     Conclusion and Recommendation

For the reasons discussed above, the undersigned recommends Defendants' Motion to Dismiss, ECF No. 5, be *granted*, as follows:

As to Plaintiff's § 1983 cause of action against the Individual Defendants (First Cause of Action):

- As Plaintiff has stipulated Defendant Hayes is entitled to legislative immunity as to the § 1983 cause of action, *see* Pl.'s Mem.12, the Motion to Dismiss this cause of action against Defendant Hayes should be granted with prejudice;

- As to Defendants Schaffer and Rogers, the Motion to Dismiss the § 1983 cause of action, should be granted without prejudice and with leave for Plaintiff to file an amended complaint as to the claims of First and Fourteenth Amendment violations within 15 days of the district judge's order on the Motion to Dismiss. If the district judge accepts this recommendation and Plaintiff does not timely file an amended pleading, it is recommended the entire matter be dismissed with prejudice; and

- As to Defendants Schaffer and Rogers, the Motion to Dismiss the § 1983 cause of action as to claims of violations of the Contract Clause should be granted with prejudice and without leave for Plaintiff to file an amended complaint.

As to Plaintiff's § 1985 cause of action against the Individual Defendants (Second Cause of Action):

- As Defendant Hayes is entitled to legislative immunity as to the § 1985 cause of action, the Motion to Dismiss this cause of action against Defendant Hayes should be granted with prejudice;

- As to Defendants Schaffer and Rogers, the Motion to Dismiss the § 1985 cause of action should be granted without prejudice and with leave for Plaintiff to file an amended complaint within 15 days of the district judge's order on the Motion to Dismiss. If the district judge accepts this recommendation and Plaintiff does not timely file an amended pleading, it is recommended the entire matter be dismissed with prejudice.

As Plaintiff has stipulated to the dismissal of her Title VII Causes of Action for Race Discrimination, Gender Discrimination, and Retaliation, against Defendant Board (Third, Fourth, and Fifth Causes of Action), *see* Pl.'s Mem. 13-14, Defendants' Motion to Dismiss should be

granted with prejudice as to these causes of action. Because the Title VII causes of action were the only ones raised against Defendant Board, Defendant Board should be dismissed as a party and removed from the caption of this case.

    IT IS SO RECOMMENDED.

September 8, 2014                                              Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**