IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Antonia Graves, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 4:14-cv-650-PMD-KDW |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Dillon County Board of Education, Jackie ) | |
| Hayes, Richard Schaffer, and D. Ray ) | |
| Rogers, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 12), recommending that this Court grant Defendants Dillon County Board of Education, Jackie Hayes, Richard Schaffer, and D. Ray Rogers's (collectively "Defendants") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 5). Plaintiff Antonia Graves ("Plaintiff") filed Objections to the R&R (ECF No. 16).[1] The Court has carefully reviewed and considered the entire record, including Plaintiff's Objections, and finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court hereby adopts the Magistrate Judge's well-reasoned R&R, as modified herein, and incorporates it into this Order.

---

1. Plaintiff filed her Objections on September 25, 2014, seventeen days after service of the R&R. Although Plaintiff failed to comply with the fourteen-day filing requirement of 28 U.S.C. § 636(b)(1) and Rule 72(B)(2) of the Federal Rules of Civil Procedure, the docket text accompanying the R&R indicated that objections were due by September 25, 2014. Therefore, the Court will consider the Plaintiff's otherwise untimely Objections.

## BACKGROUND[2]

This matter arises out of Plaintiff's service as a member of the Dillon County Board of Education ("Board") from May 2005 until September 24, 2012. Plaintiff, an African-American female, filed the instant employment-discrimination action in this Court on March 3, 2014. In addition to the Board, Plaintiff named the following individuals in her Complaint: Representative Jackie Hayes ("Hayes"); the Board's Chairman, Richard Schaffer ("Schaffer"); and Dillon County School District Four's Superintendent, Ray Rogers ("Rogers") (collectively "Individual Defendants"). In her Complaint, Plaintiff asserts two separate causes of action against the Individual Defendants pursuant to 42 U.S.C. §§ 1983 and 1985 (First and Second Causes of Action, respectively). Plaintiff's Complaint also alleges distinct causes of action against the Board for race discrimination, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII") (Third, Fourth, and Fifth Causes of Action, respectively).[3]

Although Plaintiff's Complaint is short on factual allegations, Plaintiff alleges that during her tenure as a Board member she "noticed rampant and pervasive racial discrimination being carried out" by school districts overseen by the Board. (Pl.'s Compl. ¶ 12, ECF No. 1). According to Plaintiff, after witnessing such discrimination, she "brought her concerns before the Board and its members on numerous occasions." (*Id.* ¶ 13). Plaintiff further alleges that, contemporaneous with her raising these concerns, "white Board members, personally and through their agents, often threatened Plaintiff's job on the Board and told her she better 'get

---

2. The Magistrate Judge's R&R sets forth in sufficient detail the relevant facts of this case, including citations to the record. Because Plaintiff did not object to the Magistrate Judge's factual recitation and because the Court finds that the Magistrate Judge's factual recitation accurately reflects the record, the Court adopts the Magistrate Judge's proposed findings and summary of the relevant facts for purposes of this Order. The Court sees no need to repeat the details here and instead gives only a brief overview of the factual and procedural background.
3. This case was automatically referred to a Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

2

along' with the plans that those Members had in place for the School Districts or she would suffer consequences." (*Id.* ¶ 14). Plaintiff states that in September 2012, she was notified by letter that she was no longer to serve on the Board "due to 'a change in direction.'" (*Id.* ¶ 15). Plaintiff also contends that although "[s]he was later informed that her term expired, . . . white male Board Members whose terms had likewise long expired were not terminated and continued to serve on the Defendant Board." (*Id.*).

On June 6, 2014, Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, maintaining that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss on June 24, 2014. In her Memorandum in Opposition to the Motion to Dismiss, Plaintiff "stipulate[d] to the dismissal of her race and gender discrimination and retaliation claims on the basis that she cannot jurisdictionally bring a Title VII action against the Defendant Board in accord with 42 U.S.C. 2000e(f)." (Pl.'s Mem. in Opp'n 14, ECF No. 8; *see* Pl.'s Objections 1). Defendants filed their Reply on June 30, 2014. The Magistrate Judge issued the R&R *sub judice* on September 8, 2014, recommending that this Court grant Defendants' Motion to Dismiss. Plaintiff filed her Objections to the R&R on September 25, 2014. Accordingly, this matter is now ripe for consideration.

## STANDARD OF REVIEW

### I. Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to the Magistrate Judge's proposed findings and recommendations within

fourteen days after being served a copy of the R&R. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive additional evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection—or as to those portions of the R&R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R&R, the Court need not provide any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**II.     Motion to Dismiss**

A motion to dismiss pursuant Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court "articulated a 'two-pronged approach' to assessing the sufficiency of a complaint." *Robertson v. Sea Pines*

*Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  First, the complaint must "contain factual allegations in addition to legal conclusions." *Id.*  Under Rule 8's pleading standard, "a formulaic recitation of the elements of a cause of action will not do," *id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted), and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Second, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  More specifically, the complaint must demonstrate that the plaintiff's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.*  Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When ruling on a Rule 12(b)(6) motion to dismiss, the trial judge must accept as true all of the facts alleged in the plaintiff's complaint and construe all reasonable inferences in favor of the plaintiff.  *E.g.*, *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440.  The court must determine whether the allegations give rise to a plausible right to relief, *Iqbal*, 556 U.S. at 679; however, it should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments,'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Thus, although

5

the court must accept a plaintiff's well-pleaded factual allegations as true for purposes of ruling on the motion, the complaint must nevertheless satisfy the "two-pronged" test articulated by the Supreme Court. *Iqbal*, 556 U.S. at 679.

## **DISCUSSION**

In the R&R, the Magistrate Judge recommends granting Defendants' Motion to Dismiss and dismissing Plaintiff's Complaint in its entirety. However, the Magistrate Judge concludes that some of Plaintiff's causes of action, or portions thereof, should be dismissed with prejudice, while others should be dismissed without prejudice.[4] More specifically, the R&R first recommends that this Court grant Defendants' Motion to Dismiss as to Plaintiff's First Cause of Action, dismissing the § 1983 claim against Hayes with prejudice, because Plaintiff has stipulated that Hayes is entitled to legislative immunity. With respect to Schaffer and Rogers, the Magistrate Judge recommends dismissing Plaintiff's § 1983 cause of action without prejudice to the extent it is based on claims of First and Fourteenth Amendment violations. However, to the extent Plaintiff's § 1983 claim against Schaffer and Rogers is based on purported violations of the Contract Clause, the R&R concludes that it should be dismissed with prejudice. As for Plaintiff's Second Cause of Action against the Individual Defendants, the Magistrate Judge recommends that the Court grant Defendants' Motion to Dismiss and dismiss the § 1985 claim against Hayes with prejudice, on the basis of legislative immunity, and without prejudice as to Schaffer and Rogers. Finally, because Plaintiff stipulated to the dismissal of her Title VII causes of action for race discrimination, gender discrimination, and retaliation against the Board, the Magistrate Judge recommends dismissing Plaintiff's Third, Fourth, and Fifth Causes of Action

---

4. With regard to all claims that the R&R states should be dismissed without prejudice, the Magistrate Judge further recommends that Plaintiff be granted leave to file an amended complaint within fifteen (15) days of this Court's action on the R&R. However, the Magistrate Judge recommends that if this Court agrees with and adopts the R&R and Plaintiff does not timely amend her Complaint, then the entire matter should be dismissed with prejudice.

6

with prejudice. Consequently, because Plaintiff's Complaint asserts only the Title VII claims against the Board, the R&R further recommends dismissing the Board as a party and removing it from the case caption.

In response to the R&R, Plaintiff has lodged three Objections. First, Plaintiff contends that she sufficiently pleaded her § 1983 claim against Schaffer and Rogers and that the Magistrate Judge's recommendation to the contrary was in error. Second, Plaintiff asserts that she also pleaded her § 1985 claim with the requisite particularity. Third, and finally, Plaintiff takes issue with the Magistrate Judge's recommendation that this Court conclude that Hayes is entitled to legislative immunity with respect to Plaintiff's § 1985 claim. The Court will address Plaintiff's Objections *seriatim*.

### I.     Plaintiff's § 1983 Claim

Plaintiff first objects to the Magistrate Judge's recommendation that this Court dismiss Plaintiff's § 1983 claim against Schaffer and Rogers. In the R&R, the Magistrate Judge notes that, liberally construed, Plaintiff's Complaint "arguably sets out minimally sufficient claims to implicate the equal protection clause of the Fourteenth Amendment and the right to free speech contained in the First Amendment." (R&R 7). However, the Magistrate Judge concludes that Plaintiff's § 1983 cause of action against Schaffer and Rogers is otherwise deficient because, *inter alia*, it "does not adequately flesh out facts sufficient to satisfy the pleading demands of Federal Rule of Civil Procedure 8, as more specifically imagined in *Iqbal*." (*Id.* at 8 (citation omitted)). In responding and objecting to the Magistrate Judge's determination that Plaintiff's "Complaint does not flesh out specific incidents or precise acts or conduct of Defendants," (*id.*), Plaintiff points to Paragraph 19 of her Complaint, which alleges as follows:

> The discriminatory conduct alleged herein includes, but is not limited to, threats against Plaintiff and her family, the termination of Plaintiff's tenure on the

7

> Defendant Board, Malicious interference with Plaintiff's community dealings (including specifically her presidency of the local NAACP chapter), malicious interference with Plaintiff's business dealings (including specifically her employment with CareSouth Carolina, Inc. a non-profit health care provider), and unwarranted surveillance of the Plaintiff.

(Pl.'s Objections 5; Pl.'s Compl. 4, ¶ 19).

This Court, having considered Plaintiff's Objections and independently reviewed the allegations set forth in Plaintiff's Complaint, concludes that Plaintiff has failed to state a facially plausible claim for relief against Schaffer and Rogers under § 1983. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although Plaintiff has, indeed, pointed to the most specific allegations related to her § 1983 cause of action, Paragraph 19 does little, if anything, more than state a series of legal conclusions. As correctly noted by the Magistrate Judge, the Supreme Court has repeatedly explained that "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim," and that "[c]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (R&R 8 (quoting *Iqbal*, 556 U.S. at 678)). Here, the naked allegations and conclusory assertions in Paragraph 19 do not, without more, suffice to put Defendants on notice as to the precise conduct that Plaintiff claims violated her constitutional rights. Thus, notwithstanding the other deficiencies noted in the R&R, the Court is not persuaded by Plaintiff's Objections. Accordingly, the Court accepts and adopts this portion of the Magistrate Judge's thorough and well-reasoned R&R and hereby grants Defendants' Motion to Dismiss with respect to Plaintiff's First Cause of Action.

## II.     Plaintiff's § 1985 Claim

Plaintiff also objects to the Magistrate Judge's recommendation that this Court dismiss Plaintiff's § 1985 claim against the Individual Defendants. In the R&R, the Magistrate Judge concludes that Plaintiff failed to plead sufficient facts to establish the elements of her § 1985

claim.  More particularly, in objecting to the R&R, Plaintiff contends that the Magistrate Judge misread and misapplied the Fourth Circuit's decision in *A Society Without A Name v. Virginia* (*ASWAN*), 655 F.3d 342 (4th Cir. 2011).

The Court has carefully reviewed *ASWAN*, as well as the Magistrate Judge's interpretation and application of its holding in the present case, and finds no error in the Magistrate Judge's analysis.  The Magistrate Judge neither read *ASWAN* as requiring additional elements of proof, as Plaintiff suggests, nor imposed such requirements in the present case. Instead, the Magistrate Judge simply noted that, when compared to the pleadings deemed inadequate in *ASWAN*, Plaintiff's Complaint was similarly deficient.  The Court agrees with the Magistrate Judge's analysis and determination of this issue.  Plaintiff has not alleged facts sufficient to support an inference, much less a conclusion, that there was either a meeting of the minds among the Individual Defendants or an overt act taken by the Individual Defendants in furtherance of the purported conspiracy.  In fact, aside from offering a motive and asserting that Plaintiff's injuries were proximately caused by the conspiracy, Plaintiff's Complaint merely alleges that the Individual Defendants "combined to discriminate against Plaintiff on the basis of her race in violation of 42 U.S.C. § 1985."  (Pl.'s Compl. ¶ 24).  Such barebones assertions are precisely the sort of "conclusory allegations unsupported by concrete facts," *ASWAN*, 655 F.3d at 347, that the Fourth Circuit has repeatedly rejected, *id.* at 356 ("[W]e have specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." (alteration in original) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)) (internal quotation marks omitted)).  Accordingly, the Court accepts and adopts the R&R's recommendation and hereby grants Defendants' Motion to Dismiss with respect to Plaintiff's Second Cause of Action.

**III.     Hayes's Legislative Immunity from Plaintiff's § 1985 Claim**

Finally, Plaintiff objects to the R&R's recommendation that this Court conclude that Hayes is entitled to legislative immunity from Plaintiff's § 1985 claim and, in turn, dismiss Plaintiff's Second Cause of Action with prejudice as to Hayes.  In recommending dismissal of Plaintiff's § 1985 claim against Hayes, the Magistrate Judge states that Hayes, as a member of the Dillon County Legislative Delegation, is charged with nominating persons for gubernatorial appointment to the Board, and thus, is not subject to liability for recommending that the Governor appoint another individual to fill Plaintiff's seat on the Board.  Accordingly, the Magistrate Judge concludes that Hayes's legislative immunity attaches to "[t]hat action and any other actions Defendant Hayes took in connection with Plaintiff's replacement on the Board" because they "were within the legitimate sphere of his traditional duties and responsibilities as a legislator."  (R&R 14).  As she explains in her Objections, "Plaintiff does not object to that conclusion but does object to the finding that it is dispositive to her § 1985 claim."  (Pl.'s Objections 7–8).  More to the point, Plaintiff contends that her § 1985 claim against Hayes relates to "conduct outside of the context of her appointment and removal" from the Board, such that "[t]he allegations of her § 1985 claim are not reasonably construed to wholly touch upon the sphere of Defendant Hayes's legislative authority."  (*Id.* at 8).

Having already determined that Plaintiff did not sufficiently plead her § 1985 claim against the Individual Defendants, the Court need not delve into the question of whether Hayes is entitled to legislative immunity under the facts as alleged in support of Plaintiff's Second Cause of Action.  Although the Court is inclined to agree with the Magistrate Judge that Hayes likely is or would be entitled to legislative immunity, in light of the insufficiency of Plaintiff's factual allegations, the Court declines to conclusively state that Hayes could not be subject to liability

under § 1985 based on additional facts that may be alleged by Plaintiff in any subsequently amended complaint. Therefore, Plaintiff's § 1985 claim against Hayes, like Plaintiff's claim against the remaining Individual Defendants, should be dismissed without prejudice. Accordingly, the Court adopts the R&R as modified and dismisses the entirety of Plaintiff's Second Cause of Action without prejudice, rather than with prejudice solely as to Hayes.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R as modified herein. Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. It is **THEREFORE ORDERED** that Plaintiff's First Cause of Action is **DISMISSED WITHOUT PREJUDICE** as to Schaffer and Rogers to the extent it alleges First and Fourteenth Amendments violations. Plaintiff's Second Cause of Action against the Individual Defendants is **DISMISSED WITHOUT PREJUDICE**. All remaining claims, including Plaintiff's Third, Fourth, and Fifth Causes of Action, are **DISMISSED WITH PREJUDICE**. To the extent Plaintiff's claims are dismissed without prejudice, Plaintiff is granted leave to file an amended complaint within fifteen (15) days from the date of this Order. Any amended complaint shall not assert any claim dismissed herein with prejudice. If Plaintiff does not timely file an amended complaint, the entire matter is dismissed with prejudice. It is **FURTHER ORDERED** that the Board be removed from the case caption in this matter.

AND IT IS SO ORDERED.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**January 12, 2015**
**Charleston, South Carolina**